# In the United States Court of Federal Claims

No. 10-402C
(Filed: March 8, 2012)

| | | |
|---|---|---|
| ************************************* | | |
| | * | |
| **SAMUEL ANDREWS, et al.** | * | |
| | * | |
| Plaintiffs, | * | Enforcement of a settlement agreement; |
| | * | supervisory power; voluntary dismissal; |
| v. | * | order striking motion |
| | * | |
| **THE UNITED STATES,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| ************************************* | | |

**ORDER**

On September 14, 2011, Plaintiffs and the Government filed a Joint Stipulation of Dismissal with Prejudice under Rules of the Court of Federal Claims ("RCFC") Rule 41(a)(1)(A)(ii). That same day, the Clerk of Court dismissed the Complaint. The stipulation of dismissal did not incorporate the settlement agreement into the terms of the stipulation nor did the parties request the Court to adopt the agreement in its order dismissing the case.

On March 6, 2012, Plaintiffs filed a "Motion to Enforce Settlement Agreement" requesting this Court to "order defendant to comply with the Settlement Agreement" by having the IRS issue a form W-2 statement for each plaintiff. For the reasons that follow, the Court strikes Plaintiffs' motion from the docket.

What Plaintiffs are seeking here is not a reopening of the underlying case, but enforcement of the settlement contract. Because Plaintiffs' request is not part of the underlying case, they would have to file a new complaint alleging a breach of contract to obtain the relief they seek. However, while this Court has jurisdiction over breach of contract actions, it only has jurisdiction over claims for money damages. Plaintiffs here are not seeking money damages, but rather specific performance.

Furthermore, the Court does not retain any supervisory power to enforce a settlement agreement that was not part of a Court order. After a case is voluntarily dismissed, this Court does not retain jurisdiction over the case and cannot entertain a claim to enforce compliance with a settlement agreement. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378, 381 (1994) (stating that "[e]nforcement of the settlement agreement . . . requires its own basis for jurisdiction" unless the "parties' obligation to comply with the terms of the settlement agreement ha[s] been

made part of the order of dismissal"); *see Nat'l Presto Indus., Inc. v. Dazey Corp.*, 107 F.3d 1576, 1580, 1583 (Fed. Cir. 1997) (stating that to bring a settlement agreement under the court's "inherent [] power, [] an order or judgment of the court must incorporate the settlement agreement such that a breach of the agreement also violates the court's decree"); *see also Vandesande v. United States*, 94 Fed. Cl. 624, 633, 636 (2010); *appeal docketed*, No. 2011-5118 (Fed. Cir. Oct. 25, 2010).

Accordingly, the Court STRIKES Plaintiffs' March 6, 2012 "Motion to Enforce Settlement Agreement."

  s/ Edward J. Damich
EDWARD J. DAMICH
Judge